FILED'09 FEB 09 17:38 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT LEE SHAFT,   CV. 08-1499-PA

    Petitioner,   ORDER TO DISMISS

v.

RICK COURSEY,

    Respondent.

PANNER, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons which follow, the Petition for Writ of Habeas Corpus (#1) is summarily dismissed.

## BACKGROUND

On December 29, 2008, petitioner filed his Petition for Writ of Habeas Corpus seeking to challenge several state court convictions from 1990. Because the Petition for Writ of Habeas Corpus is improperly successive without circuit permission, the court summarily dismisses this case.

///

1 - ORDER TO DISMISS

## **STANDARDS**

The federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases; see also *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

## **DISCUSSION**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") generally prohibits the filing of "second or successive" habeas corpus petitions. 28 U.S.C. § 2244(b). A habeas corpus petition is considered "second or successive" if a district court adjudicated the first petition on the merits. *Hill v. State of Alaska*, 297 F.3d 895, 899 (9th Cir. 2002). A dismissal is considered to be "on the merits" if it precludes a petitioner from obtaining a decision on the merits of his claims in the future. *Howard v. Lewis*, 90 F.2d 1318, 1322 (9th Cir. 1980).

The court previously dismissed two of petitioner's habeas corpus actions challenging his 1990 convictions on the basis that he failed to timely file them: (1) *Shaft v. Santos*, CV. 02-1476-ST;

2 - ORDER TO DISMISS

and (2) *Shaft v. Santos*, CV. 02-1477-ST. Dismissal of a habeas petition on timeliness grounds is considered an adjudication on the merits. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003); *see also Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("[t]he rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.); *In re Marino*, 181 F.3d 1142, 1144 (9th Cir.1999) (for *res judicata* purposes, dismissal for lack of timeliness can be considered an adjudication on the merits). Accordingly, petitioner was required to obtain the Ninth Circuit Court of Appeals' permission prior to filing this case. 28 U.S.C. § 2244(b)(3)(A). As it is clear that he has not done so, this case is summarily dismissed.[1]

The court takes this opportunity to note that it has received voluminous correspondence from petitioner regarding the nature of his criminal proceedings in Oregon's state courts. Petitioner is ADVISED that this court cannot consider providing him habeas corpus relief unless the Ninth Circuit Court of Appeals gives him permission to file a successive petition for writ of habeas corpus.

---

[1] Even if a dismissal based on timeliness could not constitute an adjudication on the merits sufficient to trigger the prohibition against successive petitions, the current action is untimely because it was filed well after April 24, 1997. *See Ford v. Hubbard*, 305 F.3d 875, 882 (9th Cir. 2002).

3 - ORDER TO DISMISS

Accordingly, until such time as petitioner is able to obtain such permission, the District Court will be unable to assist him.

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is summarily DISMISSED.

IT IS SO ORDERED.

DATED this 9 day of February, 2009.

                                Owen M. Panner
                                United States District Judge